**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION at DANVILLE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 7** |
| **RICKEY GENE YOUNG,** | ) | |
| | ) | **Case No. 16-60353** |
| Debtor. | ) | |
| | ) | |
| **RICKEY GENE YOUNG,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Proc. No. 16-06006** |
| | ) | |
| **JOHN DOE, &** | ) | |
| **HSBC,** | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The Debtor in this case, Rickey Gene Young (the "Debtor"), proceeding *pro se*, is a serial filer. He is currently in his twelfth bankruptcy case. Since 2001, including this case, the Debtor has filed six cases in this Court. All were Chapter 13 cases, except the current case, which is a Chapter 7. He has also filed one Chapter 13 case in the Eastern District of North Carolina, one Chapter 13 case in the Middle District of North Carolina, one Chapter 7 case in the Middle District of Tennessee, and three Chapter 13 cases in the Western District of Tennessee. The dockets of those cases reflect all were filed *pro se*, and all prior cases were dismissed for a variety of reasons, including nonpayment, failure to cooperate with the Chapter 13 trustee or voluntary dismissal—except the Chapter 7 case in the Middle District of Tennessee filed in 2003, in which the Debtor received a standard discharge in 2004.[1]

---

[1] A timeline of the Debtor's various bankruptcy filings by date and location is attached to this Memorandum Opinion as Attachment 1.

In this case, the Debtor has filed an Adversary Proceeding against HSBC[2] and an unidentified John Doe defendant requesting the turnover of certain real and personal property located at 3111 Fawn Ridge Cove, Humboldt, Tennessee in connection with a foreclosure and writ of possession in Tennessee in 2013. The Debtor contends that this property is property of his current bankruptcy estate, he is entitled to possession of that property, and HSBC's actions and those of the John Doe defendant were and are in violation of the automatic stay of 11 U.S.C. § 362. From the documents submitted by the Debtor with his initial Complaint, it appears that the Fawn Ridge Property was foreclosed on July 18, 2012. *See* Substitute Trustee's Deed dated July 18, 2012. The Debtor was not in any bankruptcy case between April 14, 2006, at which time Middle Tennessee Case No. 03-13548 was closed, and March 5, 2013, when he filed Chapter 13 Case No. 13-10532 in the Western District of Tennessee. Thus, at least from April 14, 2006 to March 5, 2013, no automatic stay was in effect in any case, including when the foreclosure sale of the Fawn Ridge Property is alleged to have occurred.

The same day the foreclosure deed was recorded, August 6, 2012, HSBC filed an unlawful detainer warrant in the Humboldt County, Tennessee General Sessions Court seeking possession of the Fawn Ridge Property from the Debtor. *See* Detainer Summons issued August 6, 2012. The case was initially set for September 10, 2012, but was continued to October 22, 2012 "so def can consult with counsel." *See* Detainer Warrant Notation dated October 22, 2012. The case was continued again until November 26, 2012. Due to what HSBC's counsel in that case described as either "inadvertence or mistake," he did not hear the case called while in the courtroom and the case was dismissed on November 26, 2012. *See* Motion to Set Aside Order

---

[2] HSBC Mortgage Services, Inc. (HMSI) contends in its response that it is incorrectly referred to in the Amended Complaint as HSBC. To be consistent with the Debtor's pleadings, the Court will refer to the defendant as HSBC in this opinion.

of Dismissal.  On November 28, 2012, HSBC moved to set aside the order of dismissal and that motion was set for December 10, 2012.  *Id.*  Again, all of this took place while no bankruptcy case was pending, and no stay was in effect.  It appears that the motion to set aside the dismissal was granted on December 10, 2012, and a writ of possession for the Fawn Ridge Property was issued on January 13, 2013, but the writ was apparently not executed upon immediately.[3]  *See* Writ of Possession dated January 16, 2013.  The Debtor filed Western District of Tennessee Bankruptcy Case No. 13-10532 on March 5, 2013, and that case was dismissed on April 16, 2013.

On January 15, 2014, a new writ of possession was issued, and at some point after that, possession of the Fawn Ridge Property was delivered to HSBC.  *See* Writ of Possession dated January 15, 2014.  Also, there was some apparent confusion as to whether the state court judge actually noted that judgment of possession was granted on the warrant on December 10, 2012, and on April 30, 2013—after the intervening bankruptcy case was dismissed—a Motion for Order of Judgment Nunc Pro Tunc was filed and Judgment for Possession was specifically noted on the warrant by the state court trial judge.  *See* Motion for Order of Judgment Nunc Pro Tunc filed May 17, 2013.  There is no indication in any of the documents filed with this Court that either the judgment was obtained or that the writ of possession was obtained or executed while any bankruptcy case involving the Debtor was actually pending.  The Debtor's next bankruptcy case was not filed until March 4, 2014, almost two months after the last writ of possession was issued.[4]  That case, Western District of Tennessee Case No. 14-10528, was dismissed April 18, 2014.

---

[3] The Writ states it "[c]ame to hand same day issued and executed as commanded, this 7th day of February, 2013." The effect of this notation is uncertain, but the Debtor had no bankruptcy case pending on February 7, 2013.

[4] The January 15, 2014 Writ has a similar notation advising that it was "executed as commanded" on January 16,

3

The Debtor filed the current adversary proceeding on February 26, 2016. The adversary proceeding was dismissed on March 15, 2016 because the Debtor's lead bankruptcy case was dismissed. The Debtor appealed the dismissal of his bankruptcy case, and the District Court reversed the dismissal. Accordingly, both the lead bankruptcy case and the related adversary proceedings were reinstated on September 30, 2016. On March 21, 2016, after the dismissal of the case but while the appeal was pending, the Debtor filed an amended complaint. On October 11, 2016, the Debtor filed a motion to amend the complaint. That motion was set for hearing on November 9, 2016. The Debtor did not appear at this hearing, and the motion to amend the complaint was denied without prejudice. On November 21, 2016, the Debtor filed a motion to reconsider denial of his motion to amend the complaint. On December 5, 2016, the Debtor filed a motion for entry of default against defendant John Doe. On December 19, 2016, HSBC filed a motion to dismiss the adversary proceeding. The motion to dismiss, the motion for entry of default, and the motion to reconsider were all heard on January 11, 2017, and the Court took all three of these matters under advisement. On January 12, 2017, the Debtor responded to the motion to dismiss. On January 23, 2017, the Debtor submitted a memorandum of law opposing the motion to dismiss.

The Debtor's operative pleading, the Amended Complaint filed March 21, 2016, contends that his allegations and exhibits reflect that there is a violation of the stay in his previous case which continues in this case. At oral argument, the Debtor seemed to contend that the Judgment for Possession and Writ of Possession were invalid due to ineffective or defective state court procedures in Tennessee and that he is still entitled to possession of the Fawn Ridge Property. There is no allegation that the foreclosure was invalid or that HSBC owns the Fawn Ridge Property. The Debtor simply contends he is entitled to possession of that property.

---

2014.

CONCLUSIONS OF LAW

HSBC contends that the Court does not have subject-matter jurisdiction over the Debtor's claims pursuant to the *Rooker–Feldman* doctrine. "Because the *Rooker–Feldman* doctrine is jurisdictional, we are obliged to address it before proceeding further in our analysis." *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 195–96 (4th Cir. 2002). "Under the *Rooker–Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Smalley v. Shapiro & Burson, LLP*, 526 Fed. App'x. 231, 235 (4th Cir. 2013) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

> "The controlling question in the *Rooker–Feldman* analysis is whether a party seeks the federal district court to review a state court decision and [thus] pass upon the merits of that state court decision, not whether the state court judgment is presently subject to reversal or modification. Put another way, if 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual,' *Rooker–Feldman* is implicated."

*Id.* at 235–36 (quoting *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)). At the hearing on HSBC's Motion to Dismiss,[5] the Debtor made the following contentions: (1) The Tennessee General Sessions Court lacked jurisdiction to issue the Judgment for Possession and Writs of Possession; and (2) the actions taken in the Tennessee Court constituted a violation of the automatic stay during a prior unspecified bankruptcy case that continues to the Debtor's current case.[6] The Court will address its subject-matter jurisdiction over each claim individually.

---

[5] The Debtor submitted a memorandum of law opposing the motion to dismiss on January 23, 2017, more than a month after the motion to dismiss was filed and nearly two weeks after the Court heard oral argument on the motion. Notwithstanding the memorandum's untimeliness, it raises the same arguments regarding Tennessee state court procedure that the Debtor raised at oral argument, and thus the Court's analysis is the same.

[6] The Debtor also makes the general allegation in his Amended Complaint that HSBC violated the Tennessee Consumer Protection Act of 1977, but no facts are alleged describing how that Act was violated. Amended Complaint, ¶3.

5

### I. Defects in the Underlying State Court Action

The Debtor contends that due to a jurisdictional issue in the proceedings before the Tennessee General Sessions Court, the Judgment of Possession and Writs of Possession in favor of HSBC are defective and he is entitled to possession of the property. For the Court to find in favor of the Debtor that the Judgment of Possession and Writs of Possession were defective, the Court would be required to find that the judgments were improperly entered by the Tennessee General Sessions Court. Put another way, the Court cannot find that the Tennessee state court lacked jurisdiction without finding that the state court wrongly decided the issues before it. Accordingly, under the *Rooker–Feldman* doctrine, this court lacks subject-matter jurisdiction over appellate review of the state court judgment.[7] If the Debtor seeks to challenge the state court judgment on state court procedural grounds, he must do so in Tennessee state court.

### II. Violation of the Automatic Stay

The Debtor also contends that the actions of the defendants constitute a violation of the automatic stay imposed by 11 U.S.C. § 362 during a previous case which continues to the current

---

[7] This is the same conclusion reached by United States Magistrate Judge Bryant in the Western District of Tennessee in a previous action in which the Debtor asserted claims based on essentially the same facts against HSBC. *Young v. HSBC Mortgage Servs., et al.*, Case No. 1:14-cv-01159-JDT-egb, 2015 WL 1538007 (W.D. Tenn. April 16, 2015). In that case, the Debtor alleged violations of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution against HSBC and a variety of other defendants, as well as state law claims and claims under 42 U.S.C. §§ 1983 and 1988. The violations giving rise to those claims stem from the same underlying facts as asserted here. The Magistrate Judge's Report and Recommendation stated:

> In sum, Plaintiff's Amended Complaint is, in reality, an attempt to appeal a state court order. Because district courts are courts of original jurisdiction, Plaintiff has failed to state a claim upon which relief can be granted. For this reason and all the reasons set forth above, the Magistrate Judge recommends dismissal of all claims.

*Id.* at *7. In adopting the Magistrate Judge's Report and Recommendation, District Judge Todd also denied the Debtor permission to appeal the decision *in forma pauperis*, finding that any appeal of the matter would be frivolous. *Id.* at *1. The Court stated that "[t]he same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith." *Id.*

case.[8] The Debtor does not specify in which previous case the violation of the stay arose. HSBC contends that this claim should also be dismissed for lack of subject-matter jurisdiction under the *Rooker–Feldman* doctrine because it is "inextricably intertwined" with the underlying state court action. The Fourth Circuit has stated that a federal case is "inextricably intertwined" with the underlying state court action when the issues were not actually decided by the state court, but where nonetheless "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Smalley*, 526 Fed. App'x. at 236 (internal quotes omitted).

The Court is not persuaded that finding a violation of the automatic stay occurred would require a determination that the Tennessee court wrongly decided the issues before it. *Smith v. SIPI, LLC (In re Smith)*, 526 B.R. 737 (N.D. Ill. 2014), *rev'd on other grounds* 811 F.3d 228 (7th Cir. 2016), is illustrative.[9] In that case, the district court upheld the bankruptcy court's finding that the *Rooker–Feldman* doctrine was inapplicable where the plaintiffs sought to avoid a state-court tax foreclosure judgment as a fraudulent transfer because the plaintiffs were not "argu[ing] that the state court applied state tax foreclosure law improperly or that the state court should not have issued the tax deed." *Id.* at 742. Rather, the question of whether the tax foreclosure was a fraudulent transfer was a "federal question that was not addressed in state court." *Id.* The Court agrees with this analysis. The question of whether the actions of the defendants violated the automatic stay was not addressed in the Tennessee state court action. A finding that the defendants violated the automatic stay in pursuing the foreclosure in Tennessee state court would

---

[8] The Court also questions whether or not this is the proper court to decide whether the stay was violated in a case pending before another court. Given that there was no bankruptcy case involving the Debtor pending at the time of any of the alleged transgressions in this case, the Court need not reach that question.

[9] The 7th Circuit did not address the *Rooker–Feldman* doctrine in its decision reversing the district court. However, by analyzing the merits of the case, the 7th Circuit implicitly agreed with the district court's finding of subject-matter jurisdiction, and thus agreed with the district court's application of the *Rooker–Feldman* doctrine.

not require this Court to evaluate the merits of the state court action or to assess whether the judgment was rightly or wrongly entered according to Tennessee state law.  Thus, the claim for a violation of the automatic stay is not barred by the *Rooker–Feldman* doctrine. Further, "[t]here is considerable authority holding that the *Rooker–Feldman* doctrine is inapplicable when a federal statute specifically authorizes a lower federal court to set aside a state court judgment." *Merritt v. MidAtlantic Farm Credit, ACA (In re Merritt)*, 529 B.R. 845, 859 n.21 (Bankr. E.D. Penn. 2015) (collecting cases).  Accordingly, the Court finds that it has subject-matter jurisdiction over the Debtor's claim for a violation of the automatic stay.

      Having found that the Court has subject-matter jurisdiction to hear the claim for a violation of the automatic stay, the Court turns to HSBC's motion dismiss this claim for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Bankruptcy Procedure 2012(b) and Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), the complaint must allege sufficient facts to state a claim to relief that is plausible, rather than merely conceivable or speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The facts alleged must be more than a "formulaic recitation of the elements of a cause of action [or] . . .  naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Well-pled allegations of a complaint are taken as true and viewed in the light most favorable to the plaintiff."  *Jernigan v. Wells Fargo Bank (In re Jernigan)*, 475 B.R. 535, 536–37 (Bankr. W.D. Va. 2012) (citing *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997)).

      As a threshold matter, the Court takes judicial notice of the dates of the Debtor's prior bankruptcy cases.  In addition, the Court is permitted to consider the court documents attached as exhibits to HSBC's Motion to Dismiss without converting the motion to a Rule 56 motion for

8

summary judgment. *Carter v. Baltimore Co.*, 39 Fed. App'x. 930, 933 (4th Cir. 2002) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record . . . ."); *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001) ("A district court may consider public records in deciding a motion to dismiss without converting the motion to one for summary judgment.")).

The automatic stay is imposed by the filing of a voluntary bankruptcy petition. 11 U.S.C. § 362(a). The stay then remains in effect as to acts against property of the bankruptcy estate "until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1). The stay of any other act under Section 362(a) continues until the earliest of the case being closed, the case being dismissed, or in a Chapter 7 case involving an individual, the time a discharge is granted or denied. 11 U.S.C. § 362(c)(2). The dismissal of a bankruptcy case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." 11 U.S.C. § 349(b)(3). Thus, once the Debtor's previous cases were dismissed, there was no stay in effect to be violated.

The actions that form the basis for the Debtor's claim for a violation of the automatic stay took place between July 18, 2012 and January 13, 2013, and then on January 15, 2014. The Debtor was not in bankruptcy between April 14, 2006 and March 4, 2013, thus no actions taken during that period can conceivably constitute a violation of the automatic stay as no automatic stay was in effect. While the Debtor was in bankruptcy from March 5, 2013 to April 16, 2013, he has not alleged any conduct during that period that would constitute a violation of the automatic stay. A new Writ of Possession was issued in favor of HSBC on January 15, 2014, at which point the Debtor was not in bankruptcy and no violation of any stay could have occurred

9

because again there was no stay in effect at that time either. The Debtor has not alleged any facts sufficient to state a plausible claim to relief for a violation of the automatic stay. Accordingly, the Court must dismiss this claim.

### III.     Claims Against John Doe Defendant

While the Amended Complaint does not specify which claims are alleged against which defendants, the Court will assume that the Debtor is alleging the same claims against both the John Doe defendant and HSBC. The John Doe defendant has not responded to the Amended Complaint, and the Debtor has moved for an entry of default against him.

The Court has inherent power to *sua sponte* dismiss claims against the John Doe defendant for which relief cannot be granted. *See Stanley v. Gray*, No. 2:06CV00031, 2007 WL 445366, at *7 (W.D. Va. Feb. 11, 2007) (citing *Eriline Co. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006) ("Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it.")). The Amended Complaint suffers from the same defects against the John Doe defendant as against HSBC, accordingly the Court must dismiss the Amended Complaint against the John Doe defendant on the same grounds enumerated above. *Id.* (citing *Wachtler v. Co. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994)) (dismissing a complaint against non-moving defendants on the same grounds asserted by moving defendants).

### CONCLUSION

The Court lacks subject-matter jurisdiction to review claims of error in the Debtor's Tennessee state court foreclosure proceedings. In addition, the Debtor has failed to state a plausible claim upon which relief could be granted for a violation of the automatic stay. Accordingly, the Court will grant HSBC's motion to dismiss the Amended Complaint with

prejudice, and *sua sponte* dismiss the Amended Complaint against the John Doe defendant with prejudice. The Debtor's motion for entry of default against the John Doe defendant is denied. The Debtor's motion to reconsider denial of his motion to amend the complaint is also denied.

A separate Order will be entered contemporaneously herewith.

**Decided this 25th day of January, 2017.**

_____
UNITED STATES BANKRUPTCY JUDGE

## **ATTACHMENT 1**

| Case No. | Court | Date Filed | Date Dismissed | Date Closed |
|----------|-------|------------|----------------|-------------|
| 01-00290 | Bankr. W.D. Va. | 01/29/2001 | 05/03/2002 | 05/31/2001 |
| 01-01947 | Bankr. W.D. Va. | 05/29/2001 | 08/03/2001 | 08/22/2001 |
| 01-03040 | Bankr. W.D. Va. | 08/22/2001 | 01/10/2002 | 03/04/2002 |
| 02-02422 | Bankr. W.D. Va. | 06/17/2002 | 07/09/2002 | 08/19/2002 |
| 02-08027 | Bankr. E.D. N.C. | 09/25/2002 | 10/27/2002 | 01/03/2003 |
| 03-50705 | Bankr. M.D. N.C. | 03/12/2003 | 05/01/2003 | 07/24/2003 |
| 03-02932 | Bankr. W.D. Va. | 07/16/2003 | 08/27/2003 | 10/21/2003 |
| 03-13548 | Bankr. M.D. Tenn. | 10/22/2003 | ** | 04/14/2006 |
| 13-10532 | Bankr. W.D. Tenn. | 03/05/2013 | 04/16/2013 | 07/17/2013 |
| 14-10528 | Bankr. W.D. Tenn. | 03/04/2014 | 04/18/2014 | 07/24/2014 |
| 14-12395 | Bankr. W.D. Tenn. | 09/12/2014 | 10/28/2014 | 01/27/2015 |
| 16-60353 | Bankr. W.D. Va. | 02/26/2016 | n/a | n/a |

\*\*Discharge granted 06/30/2004

12