IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION at DANVILLE

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 7** |
| **RICKEY GENE YOUNG,** ) | |
| ) | **Case No. 16-60353** |
| Debtor. ) | |
| ) | |
| **RICKEY GENE YOUNG,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Adv. Proc. No. 16-06006** |
| ) | |
| **JOHN DOE, &** ) | |
| **HSBC,** ) | |
| Defendants. ) | |

### MEMORANDUM OPINION DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL

The Debtor in this case, Rickey Gene Young (the "Debtor"), seeks to proceed *in forma pauperis* on his appeal from the order dismissing this adversary proceeding. Although the Court believes the Debtor to be eligible for a waiver of appeal fees based on his inability to pay, the appeal is not taken in good faith. Thus, the application for waiver will be denied.

### FINDINGS OF FACT

On February 26, 2016, the Debtor filed the current bankruptcy case, his twelfth since 2001. Those cases are detailed in this Court's Memorandum Opinion dated January 25, 2017 and need not be repeated here. This adversary proceeding sought, among other things, damages for violation of the automatic stay in a previous bankruptcy case. However, the documents submitted by the Debtor and public records reflect that the Debtor was not actually in a pending bankruptcy case at the time any of the alleged acts causing him harm occurred. In addition, the

Debtor asserted claims in this Court that involved an unlawful detainer warrant litigated in Tennessee state court. The Court found that these claims were barred by the *Rooker–Feldman* doctrine. Accordingly, the Court dismissed the adversary proceeding with prejudice.

The same day the Court dismissed this case, the Debtor filed a virtually identical case against the same defendant, "HSMI a/k/a HSBC Mortgage Services, Inc." Instead of naming an individual John Doe defendant as in the first case, the Debtor added a named individual in the second case whose identity is apparently now known to him.[1] The Debtor appealed this case to the District Court and filed an Application for Waiver of the Appellate Filing Fee in a Chapter 7 Case (the "IFP Application"), using a form he apparently obtained off the United States Bankruptcy Court for the Central District of California's website.

## CONCLUSIONS OF LAW

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") empowered bankruptcy courts to rule on applications to waive the fees for filing an appeal by a Chapter 7 debtor, whether or not the debtor qualified for waiver of the case filing fee. *In re Ray*, No. 16-40111, 2016 WL 3211449, at *2 (Bankr. S.D. Ga. June 1, 2016). The applicable Code section provides as follows:

> (f)(2)  The district court or the bankruptcy court may waive for such debtors other fees prescribed under subsections (b) and (c).
>
> (3)  This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors.

28 U.S.C. § 1930(f)(2)–(3). "Other fees" under Section 1930(b) and (c) include the $293.00 fee for filing an appeal, along with the $5.00 notice of appeal fee. Under pre-BAPCPA law, the

---

[1] Notwithstanding the preclusive effect of the Court's ruling in the first case, the second case fails for all the same reasons the first case failed. This Court will enter an order staying that case until the pending appeal is decided by the District Court.

consideration of an application for waiver of the appeal fees was a two-step process that required a permitted court to authorize an appeal without payment of fees. First, the applicant was required to submit an affidavit that included a statement of assets showing the applicant's inability to pay. Second the court was required to consider whether the appeal was taken in good faith. *See In re Ray* and statutes cited therein.

Under both the old law and BAPCPA, "the threshold question is whether the debtor can pay the fee." *Ray*, at *2. The Debtor in this case did not ask for a waiver of the initial case filing fee and in fact paid that fee; thus this Court was not required to rule on whether the initial case filing fee should be waived. Therefore, Section 1930(f)(2) does not apply. The Debtor is among the "other debtors" to which Section 1930(f)(3) applies. As stated in *Ray*,

> The standard of eligibility for waiver of the chapter 7 case filing fee is based on the "income official poverty line" and requires also that the debtor be unable to pay the fee in installments:
>
>> [T]he district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments.
>
> 28 U.S.C. § 1930(f)(1).

*Ray*, at *2.[2] Here, the Debtor declared under penalty of perjury that his household includes himself alone. IFP Application, question 1. The Debtor's average monthly take home pay was disclosed as $1,251.00 on the IFP Application. The applicable poverty guideline for a household of one for 2016 is $1,485.00 monthly and for 2017 is $1,507.50 monthly, and the Debtor is below the guideline. *See Annual Update of the HHS Poverty Guidelines*, 82 Fed. Reg. 8831–32

---

[2] The "income official poverty line" refers to the poverty guidelines periodically updated by the United States Department of Health and Human Services. *See* Guide to Judiciary Policy, Vol. 4, Ch. 8, Judicial Determination of Filing Fee Waiver Applications § 820.20(a)(1)(A). *Ray*, at *2.

Case 16-06006    Doc 55    Filed 02/14/17    Entered 02/14/17 15:51:43    Desc Main
Document    Page 4 of 6

(Jan. 31, 2017) (enumerating the 2017 poverty guidelines); *Annual Update of the HHS Poverty Guidelines*, 81 Fed. Reg. 4036–37 (Jan. 25, 2016) (enumerating the 2016 poverty guidelines). He has no valuable assets other that a used car and a used motorcycle which would not disqualify him for a waiver of the fees due to his income level. Based on the guidelines, the Debtor is eligible for a waiver of the fees for filing an appeal.

Notwithstanding the Debtor's income, the Court determines that it is within the Court's discretion to determine not only whether the Debtor can pay, but also whether the Debtor should pay. The Judicial Conference Policy referenced in 28 U.S.C. § 1930(f)(3) provides that "[F]ees . . . may be waived, in the discretion of the court, for an individual debtor whose filing fee has been waived, or for whom the totality of circumstances during the pendency of the case and appeal warrant such waiver upon request." Guide to Judiciary Policy, Vol. 4, Ch. 8, Waiver of Additional Individual Debtor Fees § 820.40(a); *see also Ray*, at *3. *Ray* cites numerous cases that have retained the good faith analysis in evaluating *in forma pauperis* appeals that was required pre-BAPCPA, and there being no controlling appellate authority on the issue, this Court will follow the cases that have retained the good faith analysis and with which this Court agrees.

As stated in *Ray*, "[g]ood faith is judged by an objective standard and is demonstrated when an appellant seeks review of any issue that is not frivolous. *Coppedge v. United States,* 369 U.S. 438, 445 (1962). An issue is frivolous if it is 'without arguable merit either in law or fact.' *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001)." *Ray*, at *3. While this Court will not presume to determine what the District Court may find, based on the record before it this Court believes the appeal to be "without arguable merit either in law or fact." First, the Debtor complains of an automatic stay violation in a previous bankruptcy case. Unless the records of the various bankruptcy courts where the Debtor filed previously are incorrect, he was not in

4

bankruptcy at the time he alleges the stay was violated by the state court actions in Tennessee. Second, the *Rooker–Feldman* doctrine bars the Debtor from relitigating issues that were determined in state court or by an appeal of the state court judgment, all of which the Debtor seeks this Court to revisit either directly or indirectly. Third, the Debtor raised similar issues in a prior federal case pertaining to his removal from his former residence in Tennessee, and in that case—also filed against HSBC Mortgage Services—the United States District Court for the Western District of Tennessee adopted a Magistrate Judge's Report and Recommendation applying the *Rooker–Feldman* doctrine and certified to the Sixth Circuit Court of Appeals that the Debtor's request to proceed *in forma pauperis* was lacking in good faith. *See Young v. HSBC Mortg. Servs.*, No. 14-1159-JDT-EGB, 2015 WL 1538007, at *1 (W.D. Tenn. Apr. 6, 2015) ("It is certified, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, denied. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days."). Last, by filing a near identical lawsuit in this Court the day this action was dismissed—which the Debtor has given every indication of pursuing—the Debtor continues his odyssey against HSBC by disregarding this Court's previous rulings and putting HSBC to additional expense to relitigate the exact same issues.[3]

## CONCLUSION

"The pauper's affidavit should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). There being no arguable merit in law or fact to

---

[3] As evidence of his intent to pursue the most recent complaint in Adversary Proceeding No. 17-06009, the Debtor has already filed a Motion to Amend Complaint against HSBC. Docket Entry No. 4. The Court will stay all actions in that case pending the outcome of the current appeal of this matter, Adversary Proceeding No. 16-06006.

the Debtor's appeal from the dismissal of this case, the Court finds the appeal is frivolous and thus not taken in good faith. Therefore, the IFP Application will be denied.

    A separate Order will be entered contemporaneously herewith.

Decided this 14th day of February, 2017.

                                                      */s/ Paul M. Black*

                                       UNITED STATES BANKRUPTCY JUDGE